## COMMONWEALTH *versus* WORCESTER TURNPIKE CORPORATION.

A turnpike road may be laid out over an old county or town road; and the turnpike corporation's receiving toll for the road so laid out, is conclusive evidence of their being bound to keep it in repair; so that they cannot object that it was never accepted as a turnpike road, or that it is not of the width required by law.

So far as it regards the public, an agreement by the town in which such road lies, to keep it in repair, will not release the turnpike corporation from their obligation in that respect.

THIS was an indictment against the defendants for not repairing an ancient highway, alleged to be a part of their turnpike road, in the town of Roxbury

At the trial, before *Wilde* J., it was proved, that by *St.* 1805, *c.* 67, the defendants were authorized to make and keep in repair a turnpike road from Roxbury to Worcester, and that a committee named in the statute were empowered to locate, view and accept the same, when completed to their satisfaction ; that the committee did locate the road over the ancient highway mentioned, alleging it to be four rods wide, and made a report of the location to the Court of Common Pleas in 1808, which report was accepted. It was also said by the defendants' counsel, and not denied on the part of the commonwealth, that all of the road had been made and accepted, except a part which lies in the county of Norfolk, and that gates had been erected by authority of the committee on the parts which they had accepted, one of which was situated in Brookline about a mile to the westward of the ancient highway ; but there was no direct evidence as to the acceptance of any part of the road.

The defendants contended, that as the part of the old road over which the committee had located the turnpike road, had never been accepted as a part of the turnpike road, they were not bound to repair it. They offered to prove that it was not the original intention of the corporation to have the turnpike road pass over the old road ; but that the selectmen of Roxbury met the turnpike directors and the committee, and alleging that great advantage would accrue to the town by means of the travel, if the turnpike road should be so located

as to pass through their principal street, assured the directors that the inhabitants of the town would for ever maintain the road as they had done ; and that upon this understanding and compromise it was agreed, that the location, as a matter of form, should be made over a part of the town's road. They also offered to prove, that the town did continue to keep this part in repair from the time of the location in 1808 until 1821 ; and that the turnpike corporation had never made this part of the road, nor paid the owners of the land over which it was located, nor taken toll for it, nor exercised any control over it ; all which was held by the judge to be immaterial.

The defendants did prove that this old road, alleged by the locating committee to be four rods wide, is in fact but three, for most of the distance, and, in some places, less than two , that the walls on each side, for most of the distance, have been the same for more than forty years ; and that at the time when the committee were passing over the road, it was measured by a sworn surveyor, and the committee declared it was not four rods wide, but as it was not intended to be a part of the turnpike road, it was of no consequence.

A verdict was taken against the defendants ; and if the Court should be of opinion that the way described in the indictment is a part of the turnpike road, and that the evidence rejected was not admissible, the verdict was to stand ; otherwise a new trial was to be granted.

*Harrington* for the defendants. An ancient highway cannot be adopted as part of a turnpike road ; except where the roads cross, in respect to which the statute makes an express provision. To constitute a turnpike road there must be a power to stop a passenger who refuses to pay toll, but *St.* 1804, c. 125, § 3, enacts, that no gate shall be erected on any county or town road before established. But if the two roads may concur, the town still continues liable to repair ; at least it is equitable that the expense of repairing should be apportioned between the town and the turnpike corporation. 1 Russell on Crimes, 486 ; *Rex* v. *Chattesworth*, 2 East, 413. The road in question is not a part of the turnpike road, because the requisitions of the turnpike act have not been complied with. It is not four rods wide ; the land has never been

*Oct. 27th.*

329

Common-
wealth
*v.*
Worcester
Turn. Corp.
paid for ; *Callender* v. *Marsh*, 1 Pick. 431 ; and it has never
been accepted by the locating committee. Until it is accepted,
an indictment will not lie for not keeping it in repair. The
*St.* 1804, *c.* 125, § 3, provides, that the gates on a turnpike
road shall be ten miles from each other, but not that toll for
ten miles shall be received at each gate ; so that although there
are four gates on this turnpike road, which is not quite forty
miles in length, it does not follow that toll was taken for the
road described·in the indictment ; and in fact the gates were
established without any reference to it.

*Morton* (Attorney-General) and *Metcalf,* for the common
wealth, cited *St.* 1808, *c.* 15, and *c.* 71 ; *Rex* v. *Llandilo
Roads,* 2 T. R. 232 ; 2 N. Hamp. R. 22 ; *Rex* v. *St. George
Hanover Sq.* 3 Campb. 222.

Oct. 28th. PARKER C. J. delivered the opinion of the Court. The
first objection is, that part of the road complained of is in fact
no part of the turnpike road which is to be kept in repair at
the charge of the corporation, because it is an ancient road
heretofore laid out, pursuant to law, as a public highway, and
a turnpike road cannot by law be laid out over such a way.
But there is no prohibition in the statute, and the provision
that no gate shall be erected on a part of a turnpike road which
is an old road, is grounded upon the supposition that a turnpike
road may be so laid out, the object of the legislature being to
prevent a tax upon travellers for passing on a road already in
existence.

We do not think that the corporation can object that this
part of the road has never been so made as to be accepted.
They have established their gates and have taken toll for many
years, and part of the toll so taken is considered by law as a
compensation for making this part of the road. They surely
cannot, by neglecting their duty, exempt themselves from the
penalty prescribed by law for this very neglect.

Upon the return of the committee appointed by the legisla-
ture in the act of incorporation, locating the road pursuant to
the act, it becomes a turnpike road, as a county road becomes
such by the acceptance of the return of the committee ap-
pointed by the court of sessions, and a duty devolved upon the
corporation to make the road convenient for passengers

Whether indictable or not before they are allowed to receive toll, need not now be determined. But after they have undertaken to erect their gates and to receive toll, they are liable to the charge of keeping the road in repair.

It is not for them to object that the road as made has never been accepted, for that would be to aver their own wrong or negligence in excuse for the omission of a duty. The fact of r iving toll is, as to them, conclusive evidence of their liability for repairs.

We think the evidence which was offered to prove that the town of Roxbury had agreed that so much of the road as lies in Roxbury should remain at the charge of the town, and that the same was in fact kept in repair by the town from the time when the turnpike road was made until the year 1820, was irrelevant. A bargain between the two corporations could not release either from its obligation to the public. It is an affair to be settled between themselves. It having been heretofore decided that the town of Roxbury was released from the maintenance of this road by the establishment of the turnpike road,[1] it follows necessarily that their previous duty was transferred to the turnpike corporation.

That the statute of 1804, c. 125, [See Revised Stat. c. 39, § 5,] requires that turnpike roads shall be not less than four rods wide, and that the part of the road complained of is only three rods wide, does not show that the location is void. It shows that the legislative committee reported it to be of the proper width, and their report was accepted. This mistake or deception, whichever it .may be, cannot operate to discharge the corporation from the expense of making and maintaining the road. Perhaps, on a *quo warranto* at the instance of the government, the franchise would be vacated ; but while the road practically remains, having been located and accepted in the manner prescribed, it must be regarded as such by the Court.

*Judgment on the verdict.*

*Commonwealth v. Worcester Turn. Corp.*

---

[1] *Roxbury* v. *Worcester Turn. Corp* , 2 Pick. 41; *State* v. *Hampton*, 2 N. Hamp. R. 22. See 1 Russell on Crim r, 320, 321 ; *Rex* v. *Nethertong*, 2 Barn & Ald. 179.